Hillsborough
No. 89-129

THE STATE OF NEW HAMPSHIRE

v.

ALICIA DANDURANT

December 29, 1989

618

*John P. Arnold,* attorney general (*Tina Schneider,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

## Memorandum Opinion

JOHNSON, J. The defendant was indicted for the crime of robbery, RSA 636:1, and found guilty after a jury trial in the Superior Court (*Groff,* J.). On appeal, she challenges the State's use of her confession during her trial on the ground that, although she was only seventeen years of age at the time she admitted her role in the crime, she was given the standard *Miranda* warnings, rather than the juvenile warnings under *State v. Benoit,* 126 N.H. 6, 490 A.2d 295 (1985). During a pre-trial suppression hearing before the Trial Court (*Murphy,* J.), the court concluded that "the defendant made a knowing, voluntary and intelligent waiver of her *Miranda* rights," and from this order the defendant now appeals. We affirm.

The defendant and four of her friends were "cruising" the streets of Manchester on the evening of September 3, 1986, in a van operated by a friend, Nicole, a juvenile. The driver turned onto Mitchell Street, where the defendant spotted the female victim walking. The defendant stated she was "going to roll" the victim. The van was turned around to allow the defendant and a passenger, Lisa, to exit the vehicle, and the driver was told to return to pick up the two young women in five minutes.

A few minutes thereafter, the defendant and Lisa returned to the waiting van and told the other three that they had pushed the victim to the ground, punched her, and taken her purse and a black leather jacket. The driver and passengers thereafter immediately left the scene and drove about Manchester and Litchfield.

The victim was assisted by a passerby, who obtained the license number of the van before it left the area. The defendant was arrested several days thereafter on September 9, 1986. At the time of the arrest she was wearing the black leather jacket belonging to the victim. The defendant's rights under *Miranda v. Arizona,* 384 U.S. 436 (1966), were read to her, and she agreed to waive these rights. Thereafter she confessed to her involvement in the robbery.

The defendant, who was only two months shy of her eighteenth birthday, with an education through the eleventh grade, was no stranger to the criminal justice system. At the suppression hearing she testified that she had been arrested at least twenty times previously, and had her rights explained to her at least fifteen times. She had been at the Youth Development Center for various periods of time since age twelve and had been to court on numerous occasions.

Minors who are involved in alleged criminal or delinquent activity are governed by the provisions of RSA chapter 169-B. RSA 169-B:25 (Supp. 1988) provides for trial as an adult, on petition of the county attorney, and RSA 169-B:26 (Supp. 1988) provides that "a minor who is charged with an act of delinquency committed after [her] seventeenth birthday may petition the court to be tried as an adult and to have [her] case dealt with in the same manner as any other criminal prosecution." The defendant, in May of 1986, when she was seventeen, petitioned the court to be treated as an adult, with the advice of counsel, and pled guilty to resisting arrest. For this she was sentenced to the house of correction, an adult facility.

RSA 169-B:27 (Supp. 1988) provides that "[a]ny minor who has been tried and convicted as an adult shall henceforth be treated as an adult *for all purposes* in connection with any criminal offense with which said minor may be charged." (Emphasis added.) We interpret statutes by their plain meaning, *Chasan v. Village District of Eastman*, 128 N.H. 807, 819, 523 A.2d 16, 24 (1986), and this broad language includes interrogation. This court in *State v. Benoit*, 126 N.H. 6, 490 A.2d 295 (1985), has mandated a simplified version of the *Miranda* warnings for juveniles, but RSA 169-B:27 obviates the requirement of such simplified warnings since the language "for all purposes" includes interrogation, as well as all other facets of the criminal justice system.

The basic purposes of the simplified version of the *Miranda* warnings set forth in *Benoit* are (1) to warn the minor that he or she could be treated as an adult and (2) to make certain that the minor's immaturity and inexperience will not place him or her at a disadvantage in dealing with the police. Neither of these concerns comes into play in this situation. The defendant was fully aware that she could be treated as an adult based on her previous experience. Further, given the fact that she had had extensive experience with the criminal justice system, and had chosen to be treated as an adult previously, it is difficult to see how her being

two months short of majority placed her at a greater disadvantage than an adult in dealing with the police.

■■■ We hold that the defendant was not entitled to the simplified *Miranda* warnings called for in *Benoit*. Further, we hold that the trial court's finding in the suppression hearing, that "viewing the situation in light of the totality of the circumstances, the defendant made a knowing, voluntary and intelligent waiver of her *Miranda* rights ...," was fully justified.

*Affirmed.*

All concurred.